

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HARLAN ELLISON, | ) | CV 00-4321 FMC (RCx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING** |
| vs | ) | **DEFENDANT'S MOTION TO** |
| | ) | **DISMISS, OR IN THE** |
| STEPHEN ROBERTSON, et al , | ) | **ALTERNATIVE, FOR** |
| | ) | **SUMMARY ADJUDICATION** |
| Defendants | ) | |

## I. Introduction

Plaintiff sued defendants alleging copyright infringement, trademark dilution and unfair competition based on the posting of plaintiff's copyrighted works on the Internet Defendant America Online seeks dismissal of plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6) Alternatively, defendant seeks summary adjudication of plaintiff's copyright infringement claim because it is barred by the Digital Millennium Copyright Act ("DCMA")

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).



1

## II. Standard

Defendant's motion to dismiss requires the Court to determine whether plaintiff's complaint states claims upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court will not dismiss plaintiff's claims for relief unless he cannot prove any set of facts in support of his claims that would entitle him to relief. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). In limiting its inquiry to the content of the complaint, the Court must take the allegations of material fact as true and construe them in the light most favorable to the plaintiff. *See Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985).

If the Court finds that the resolution of plaintiff's copyright claim requires facts extraneous to plaintiff's complaint, defendant seeks summary adjudication of the claim. *See* Fed. R. Civ. P. 12(b) (if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment"). Summary judgment or summary adjudication is only proper where the evidence demonstrates that "there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(c), *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

## III. Plaintiff's Copyright Claim

In 1998, Congress enacted the DMCA to address some of the intellectual property issues raised by the increased use of digital technologies. Most relevant to this case, §512

2

of the DMCA limits Internet service providers' liability for contributory copyright infringement. *See* 17 U S C §512. Service providers, however, are only eligible for the protections or safe harbors created by §512 if they meet the conditions set out in the statute. Each safe harbor correlates with particular activities of service providers, for example, §512(a) provides limits on liability for transmission of allegedly infringing material and §512(d) deals with infringement via the use of information location tools.

Plaintiff's complaint alleges that "AOL is the largest on-line service provider in America and that many residents of Los Angeles County gain access to the Internet and on-Line services by subscribing to AOL which they access through their local telecommunication service. AOL service in Los Angeles County provided access to alt binaries e-book permitting infringing copies of Plaintiff's work to be uploaded and downloaded." First Amended Compl at ¶ 5. In sum, plaintiff's complaint alleges only that defendant provided others with access to the Internet.

Defendant contends that it is not liable for damages for copyright infringement because it meets the safe harbor provisions for those who provide access for the transmission of allegedly infringing material. *See* 17 U S.C. §512(a). A service provider is not liable for monetary relief if (1) the service provider did not initiate the transmission, (2) the transmission, routing, provision of connections or storage is carried out without selection of the material by the service provider, (3) the service provider does not select the recipients of the material, (4) the service provider did not make a copy of the material, and (5) the material was transmitted through the system or network without modification of its content.

3

*See id* §512(a)(1)-(5) Defendant's eligibility for protection under §512(a) is a legal determination that cannot be made by reviewing the complaint alone. It is thus inappropriate for resolution on a motion to dismiss.

However, defendant also seeks summary adjudication of the copyright infringement claim on the same grounds. Defendant has provided ample evidence to support its contention that it qualifies for the §512(a) safe harbor. The transmission of the allegedly infringing material was initiated by defendant Robertson, not defendant AOL. *See* First Amended Compl ¶ 19. In addition, defendant did not: select the material for the transmission, select the recipients, make a copy of the material in transmission, or modify the content of the transmission. *See* Compton Dec ¶ 8 [1]

Plaintiff provides no evidence to dispute these facts. Instead, in opposition to defendant's motion, plaintiff raises only additional theories of potential liability including that defendant is subject to contributory liability because it hosted a newsgroup which permitted storage of infringing copies of plaintiff's work, defendant is subject to contributory infringement because it provided "information location tools," and defendant is subject to vicarious liability for infringement because it may have received money from advertisers. These theories are not found in plaintiff's first amended complaint and thus provide no basis to deny defendant's motion for summary adjudication.

---

[1] Plaintiff's objections to the declaration of Compton are overruled. Declarant, as a senior paralegal in defendant's legal department, has sufficient personal knowledge of defendant's operations to make the statements contained in her declaration.

4

At the hearing on defendant's motion, counsel for plaintiff argued that because defendant had sufficient notice of the plaintiff's theory that it is liable for hosting newsgroups on its servers, summary adjudication should be denied. Whether or not defendant was aware of plaintiff's theories based on communication between the parties, plaintiff's complaint is the source of factual allegations which define the scope of the case before the Court. Plaintiff's counsel acknowledged that the first amended complaint may have been inartful, but she did not seek leave to amend the complaint to add the theories raised in opposition to the motion. Accordingly, the Court relies only on allegations contained in the first amended complaint.

Pursuant to Federal Rule of Civil Procedure 56(f), plaintiff seeks a continuance of the motion for summary adjudication so it may conduct discovery. As required when seeking a continuance under Rule 56(f), plaintiff's counsel filed a declaration identifying what evidence she expects to obtain through discovery. The declaration states that the proposed discovery would relate to defendant hosting newsgroups on its servers, collecting revenue, collecting and selling information on its subscribers and developing Gnutella. These topics relate to the theories of liability raised in opposition to the motion, but not to the allegations found in plaintiff's complaint that defendant provided access to the Internet to those who engaged in copyright infringement. A continuance to permit discovery in this case would be futile because plaintiff seeks discovery unrelated to the copyright claim identified in his complaint.

Undisputed facts demonstrate that defendant is entitled to the safe harbor protection

5

of §512(a) as a matter of law. Accordingly, defendant's motion for summary adjudication of plaintiff's copyright infringement claim is granted

### IV. Plaintiff's Dilution Claim

To be eligible for protection under the Federal Trademark Dilution Act, a mark must be "famous." *See Avery Dennison Corp v Sumpton*, 189 F 3d 868, 876 (9th Cir 1999) Plaintiff's complaint alleges that plaintiff's name, face and works are "well known" in the publishing, literary and entertainment worlds First Amended Compl at ¶ 34

Initially, this claim fails because plaintiff's name, face and works are not "marks" eligible for protection Moreover, even if plaintiff had identified a mark eligible for protection, a mark must be more than "well known." *See Avery*, 189 F 3d at 876, *Accuride Int'l Inc v Accuride Corp*, 871 F 2d 1531, 1539 (9th Cir 1989), *Toho Co, Ltd v Sears, Robuck & Co*, 645 F 2d 788, 793 (9th Cir 1981) Because plaintiff neither identifies a mark eligible for protection nor alleges that the mark is "famous," its second cause of action fails to state a claim upon which relief can be granted

Defendant's motion to dismiss plaintiff's claim for dilution is granted Defendant seeks dismissal with prejudice However, because the Court cannot conclude that plaintiff could not prove any set of facts to support of a dilution claim, *see Steckman*, 143 F 3d at 1295, plaintiff's second cause of action is dismissed without prejudice

### V. Conclusion

Defendant's motion to dismiss or in the alternative for summary adjudication, filed June 15, 2000, is granted in part. Defendant is awarded summary adjudication of plaintiff's

copyright infringement claim

Plaintiff's claim for dilution is dismissed without prejudice. Should plaintiff seek to reassert its claim for dilution, it must file a second amended complaint within thirty days of the date of this order. Failure to file a second amended complaint within thirty days will waive plaintiff's right to do so.

IT IS SO ORDERED.

*[signature]*

FLORENCE-MARIE COOPER
UNITED STATES DISTRICT COURT JUDGE

July 27, 2000