



THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HARLAN ELLISON, | ) | CV 00-04321  FMC (Rcx) |
| | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S** |
| | ) | **MOTION TO FILE HIS SECOND** |
| vs. | ) | **AMENDED COMPLAINT; ORDER** |
| | ) | **TAKING OFF CALENDAR** |
| STEPHEN ROBERTSON, et al., | ) | **DEFENDANTS' REMARQ,** |
| | ) | **COMMUNITIES, INC. AND CRITICAL** |
| | ) | **PATH, INC.'S MOTION TO DISMISS** |
| Defendants. | ) | **THE AMENDED COMPLAINT, OR IN** |
| | ) | **THE ALTERNATIVE FOR SUMMARY** |
| | ) | **ADJUDICATION AS MOOT** |
| | ) | |
| | ) | |
| _____ | ) | |



1

OCT 3 1 2000



## I. Background

This matter is before the Court on plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC"), filed on September 26, 2000.  By this motion, plaintiff seeks to (1) clarify the original pleadings by stating with particularity the facts by which various defendants have infringed on plaintiff's copyright and trademark rights and have competed unfairly with him; (2) add a cause of action against defendant America Online, Inc. ("AOL") for vicarious infringement based on the after discovered fact of infringement of plaintiff's copyrights using the file-transfer program Gnutella; and (3) add a cause of action under Federal law for unfair competition pursuant to the section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a) (West 2000).

Plaintiff filed his First Amended Complaint in this matter on May 30, 2000, alleging copyright infringement, dilution, and unfair competition pursuant to CAL. BUS. & PROF. CODE § 17200.  Defendant AOL subsequently filed a Motion to Dismiss plaintiff's claims, or in the alternative, for Summary Adjudication of plaintiff's copyright claim.  Defendants RemarQ Communities, Inc. ("RemarQ") and Critical Path, Inc. ("CP") also jointly filed a Motion to Dismiss plaintiff's claims, or in the alternative, for Summary Adjudication on July 12, 2000.  That Motion is on calendar to be heard concurrently with plaintiff's Motion to file a Second Amended Complaint, set for October 30, 2000.  The Court did issue an Order as to AOL's Motion on July 27, 2000, granting summary adjudication of plaintiff's

2

copyright claim and dismissing, without prejudice, plaintiff's dilution claim.

In its Order, the Court noted that plaintiff, in his Opposition, raised additional theories of potential liability regarding his copyright infringement claim. The Court stated that because these theories were not found in plaintiff's First Amended Complaint, they could not provide a basis on which to deny defendant's Motion for Summary Adjudication. The Court also recognized that plaintiff had sought a continuance of the Motion for Summary Adjudication, pursuant to Fed. R. Civ. Proc. 56(f) to conduct discovery. Because, however, the additional discovery related to the theories of liability raised in Opposition to the motion, and not to the allegations found in plaintiff's Complaint, the Court found that such discovery would be futile and denied the request.

Plaintiff subsequently filed the Second Amended Complaint at issue in this matter, raising these additional theories of liability. The SAC sets forth additional and recently discovered facts, including additional acts of copyright infringement, and an additional federal cause of action for unfair competition. The SAC also sets forth additional information regarding DOES 1-10.

The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. Proc. 78; Local Rule 7.11. Accordingly, the hearing set for October 30, 2000, is removed from the Court's calendar.

3

## II. Standard

Under Federal Rule of Civil Procedure 15(a), plaintiff may amend his complaint once, as a matter of right, prior to the filing of a responsive pleading. *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997) (citing Fed.R.Civ.Proc. 15(a)). Once the complaint has been amended, or a responsive pleading has been filed, further amendments may be made "only by leave of court or by written consent of the adverse party." Fed.R.Civ.Proc. 15(a); *see also Glick v. Koenig*, 766 F.2d 265, 268 (9th Cir. 1985). Absent written consent of the adverse party, leave to amend lies "within the sound discretion of the trial court." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987) (quoting *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In exercising its discretion, the court shall grant leave to amend "when justice so requires." *Fed. R. Civ. P.* 15(a).

After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause undue prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez*, 125 F.3d at 785. In making its determination, "a court must be guided by the underlying purpose of Rule 15--to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs*, 833 F.2d at 186 (quoting *Webb* at 979). In adhering to Rule 15's policy favoring amendments, the court should apply that policy with "extreme liberality." *Id.*

4

### III. Discussion

Plaintiff argues that he is entitled to amend his complaint to raise alternative theories under which defendants may be found liable. Plaintiff argues that justice requires that he be given the opportunity to correct the defects in the First Amended Complaint as raised by RemarQ and CP in their Motion and to set forth additional and recently discovered facts. Defendant AOL argues that such an amendment would conflict with the Court's July 27, 2000 Order, granting AOL's Motion for Summary Adjudication as to plaintiff's copyright claim. AOL, RemarQ, and CP also argue that the proposed SAC is futile.

Granting or denial of leave to amend rests within the sound discretion of the trial court. *See Swanson v. U.S. Forest Serv.,* 87 F.3d 339, 343 (9th Cir. 1996). "Leave shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). This policy is to be applied with "extraordinary liberality." *See Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990).

In keeping with the overarching policy of granting leave when justice so requires, the Court concludes that plaintiff's motion to file a Second Amended Complaint should be granted. AOL's motion to dismiss, or in the alternative, for summary adjudication, pursuant to which the Court granted AOL summary adjudication, was filed very early in the proceedings. Indeed, no responsive pleadings have been filed in this matter and no discovery has taken place, except for subpoenas issued to identify online infringers of plaintiff's works. In filing its

5

motion for summary adjudication at such an early stage, AOL ran the risk of facing additional theories of liability as discovery proceeded.  Plaintiff has now come forward with alleged evidentiary support for liability under new theories.  To deny plaintiff's request to amend would directly conflict with the strong federal policy favoring the determination of cases on their merits.

## IV. Conclusion

The Court hereby grants Plaintiff's Motion for Leave to file a Second Amended Complaint.  Defendants RemarQ and CP's Motion to Dismiss the First Amended Complaint, or in the alternative, for Summary Adjudication, is denied without prejudice as moot.  The Court orders the Clerk of the Court to accept for filing the Second Amended Complaint.

IT IS SO ORDERED.

October 27, 2000

Florence-Marie Cooper, Judge
United State District Court